# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JASON BLAINE ROCHON** | **CASE NO. 6:21-CV-04088** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JAMES LAMBERT ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Complaint filed by Jason Blaine Rochon. (Rec. Doc. 1). Plaintiff sued numerous defendants, including several local attorneys, physicians, and businesses alleging these various individuals and entities raped his ex-wife.

"[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte[.]" *Union Planters Bank Nat. Ass'n v. Salih,* 369 F.3d 457, 460 (5th Cir. 2004). Having reviewed the Complaint, the Court finds that subject matter jurisdiction is lacking. Although Plaintiff alleges jurisdiction pursuant to 28 U.S.C. §1346(b), he did not assert any claims against a United States defendant. Although Plaintiff did not allege the citizenship of each Defendant, several Defendants are known to this Court and the community to reside in Louisiana, such that diversity jurisdiction is not evident. Neither has Plaintiff raised a federal question pursuant to 28 U.S.C. §1331. Rather, Plaintiff's claims appear to be tort-based.

Further, the Fifth Circuit has instructed that certain claims are subject to dismissal for lack of subject matter jurisdiction by virtue of their frivolousness and implausibility:

> Some claims are "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square*, 565 F.2d at 343–44. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id.* at 342.

*Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019).

After reviewing Plaintiff's Complaint, the Court finds that Plaintiff's claims are wholly insubstantial, frivolous, and obviously without merit. As such, the Court finds that subject matter jurisdiction does not exist and recommends that the suit be dismissed.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's suit be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of December, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE